UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SUE ANN MINARD, et al., | : | CIVIL ACTION NO. 06-645 (MLC) |
|  | : |  |
| Plaintiffs, | : | **O R D E R** |
|  | : |  |
| v. | : |  |
|  | : |  |
| M. IAZZETTI, et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**THE PLAINTIFFS**, Sue Ann Minard, Patricia Furino, and Elena
Shuster (collectively, "plaintiffs"), having alleged that the
defendants, M. Iazzetti and the Estate of Martin H. Adler
(collectively, "defendants"), breached their duties of care and
loyalty under the New Jersey Uniform Partnership Act ("the Act")
in the Second Amended Complaint (dkt. entry no. 23, 2d Am.
Compl.); and the Court having granted the defendants' motion to
dismiss the Second Amended Complaint pursuant to Federal Rule of
Civil Procedure ("Rule") 12(b)(6), and dismissed without
prejudice the Second Amended Complaint with leave to move to
reopen the action, with a proposed further amended complaint
annexed thereto, on May 15, 2007 ("5-15-07 Order") (dkt. entry
no. 39); and the plaintiffs now moving to reopen the action, with
a proposed Third Amended Complaint annexed thereto, pursuant to
the 5-15-07 Order (dkt. entry no. 40); and the defendants
opposing that motion (dkt. entry no. 43); and

**IT APPEARING** that leave to amend the pleadings under Rule
15(a) is generally given freely, Foman v. Davis, 371 U.S. 178,

182 (1962); but it also appearing that the Court may deny a
motion to amend on grounds such as undue delay, bad faith,
dilatory motives, futility, repeated failure to cure deficiencies
by previously allowed amendments, or prejudice to the opposing
party by allowing the amendment, Hill v. Scranton, 411 F.3d 118,
134 (3d Cir. 2005); Long v. Wilson, 393 F.3d 390, 400 (3d Cir.
2004); and it appearing that absent such circumstances, a motion
for leave to amend a pleading should be granted, Long, 393 F.3d
at 400; and

IT APPEARING that the standard for determining whether an
amendment would be futile requires the Court to consider whether
the complaint, as amended, would fail to state a claim upon which
relief could be granted, In re Burlington Coat Factory Sec.
Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); and it appearing that
the Court is to apply the same standard of legal sufficiency as
applies under Rule 12(b)(6), id.; and it appearing under Rule
12(b)(6), the Court generally must accept as true all of the
factual allegations in the complaint, and must draw all
reasonable inferences in favor of the plaintiffs, Cal. Pub.
Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir.
2004), Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001); but it
also appearing that the Court need not credit bald assertions or
legal conclusions alleged in the complaint, In re Burlington Coat
Factory Sec. Litig., 114 F.3d at 1429-30, Morse v. Lower Merion

2

Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); and it appearing that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)", Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007); and it appearing that the Court looks only to the pleadings when reviewing a motion to amend as to futility, Pharm. Sales & Consulting Corp. v. J.W.S. Delavau, Co., Inc., 106 F.Supp.2d 761, 765 (D.N.J. 2000); and

THE COURT noting that a plaintiff asserting a breach of the duty of care under the Act must allege that the partner engaged in "grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of the law", N.J.S.A. § 42:1A-24(c); and the Court further noting that a plaintiff cannot rely merely on a showing of unfair price, but rather must show that gross negligence caused the assets to be sold at an unfair price, see Katell v. Morgan Stanley Group, Inc., No. 12343, 1995 WL 376952, at *11 (Del. Ch. Div. June 15, 1995);[1] and

THE COURT also noting that a plaintiff asserting a breach of the duty of loyalty under the Act must allege that the partner

---

[1] It appears that there is no case law defining or illustrating conduct of the type alleged in the proposed Third Amended Complaint constituting a breach of the duty of care or the duty of loyalty under the Act. The Court therefore relies upon cases applying these terms under Delaware limited partnership and corporate law but otherwise analogous to the plaintiffs' claims here.

either (1) failed to "account to the partnership and hold as trustee for it any property, profit, or benefit derived by the partner", (2) "knowingly" dealt with the partnership "as or on behalf of a party having an interest materially adverse to the partnership", or (3) committed "actions intended to cause material injury to the partnership", N.J.S.A. § 42:1A-24(b); and the Court further noting that a partner may breach the duty of loyalty by receiving a personal benefit from a transaction not received by the other partners generally, or to the detriment of other partners, see Cede & Co. v. Technicolor, Inc., 634 A.2d 345, 362 (Del. 1993); Miller v. Am. Real Est. Partners, L.P., No. 16788, 2001 WL 1045643, at *12 (Del. Ch. Div. Sept. 6, 2001); and

**THE PLAINTIFFS** arguing that the proposed Third Amended Complaint sets forth sufficient factual allegations to support their breach of fiduciary duty claims, asserting, inter alia, that the defendants breached their duty of (1) care by failing to adequately appraise and investigate the value of the partnership's interest in the property, when "an independent appraisal has revealed that the property was, in fact, worth $40.5 million at the time defendants sold it" as opposed to $17.2 million (dkt. entry no. 40, Pl. Br., at 5-6), and (2) loyalty by basing the decision to sell the partnership interest on personal preferences, to the detriment of the other partners (id. at 7-11); and

4

**THE DEFENDANTS** arguing in response that, <u>inter</u> <u>alia</u>, the
proposed Third Amended Complaint would be futile because the
plaintiffs have not shown that the defendants breached their duty
of (1) care, as they have not shown that the defendants'
appraisal of the property was inadequate, other than the
allegation that the plaintiffs' appraiser "reached a different
number" (dkt. entry no. 43, Def. Br., at 7), and (2) loyalty, as
they have not shown that the defendants' personal preferences
were intended to cause injury to the partnership or were adverse
to the partnership, especially given that an additional reason
for selling the property was the current state of the market (<u>id.</u>
at 10); and

**THE COURT** determining that assuming all facts asserted in
the proposed Third Amended Complaint are true, the plaintiffs
have set forth sufficient factual allegations in support of their
breach of the duties of care and loyalty claims to "raise a right
to relief above the speculative level", <u>Twombly</u>, 127 S.Ct. at
1965 (<u>see</u> dkt. entry no. 40, Proposed 3d Am. Compl., at ¶¶ 22,
35, 54 (asserting, <u>inter</u> <u>alia</u>, that (1) the $8.6 million purchase
price for the partnership interest based on a valuation of $17.2
million for the property was substantially less than $40.5
million, the fair market value of the property at the time of the
sale, based on an appraisal commissioned by the plaintiffs, and
(2) a memorandum to the defendants from the purchaser of the

5

property states that the decision to sell the partnership
interest was based in part on "personal preferences")); and the
Court thus intending to grant the motion to reopen and file the
proposed Third Amended Complaint; and the Court deciding the
motion without oral hearing and on the papers, <u>see</u> Fed.R.Civ.P.
78; and for good cause appearing;

**IT IS THEREFORE** on this      26th      day of November, 2007

**ORDERED** that the plaintiffs' motion to reopen the case and file the proposed Third Amended Complaint (dkt. entry no. 40) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court will **REOPEN** this action; and

**IT IS FURTHER ORDERED** that the plaintiffs are **DIRECTED** to separately file the third amended complaint by **DECEMBER 10, 2007.**


                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge


7